IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK CROMLISH, HE-5413, )
    Petitioner, )
     )
    v. ) 2:10-cv-1655
     )
COMM. OF PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Frederick Cromlish has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Cromlish is presently incarcerated at the State Correctional Institution at Forest serving an eight year and ten month to twenty-eight year sentence imposed following his conviction, by a jury, of escape, receiving stolen property, fleeing and attempting to elude police and criminal trespass at Nos. 200611802 and CC 200612185 in the Court of Common Pleas of Allegheny County, Pennsylvania. Sentence was originally imposed on August 26, 2008 and resentencing to the present term of imprisonment occurred on March 15, 2010.[1]

    An appeal was taken to the Superior Court in which the issues presented were:

I.    When a police officer testifies, "I knew him [the defendant] from prior deals," this testimony is prejudicial, inadmissible evidence of alleged prior bad acts of the defendant.
II.    The lower court imposed an illegal 40-month-to-8year sentence for a third-degree felony that carries a statutory maximum of seven years.[2]

On December 30, 2009, the Superior Court vacated the judgment of conviction and remanded for re-sentencing only and hence the resentencing on March 15, 2010.

---

[1] See: Petition at ¶¶ 1-6 and the answer of the Commonwealth. The petitioner's actual sentence imposed after remand for resentencing on March 15, 2010 on these two informations is seventy-six months to fourteen years to be served consecutive to another sentence thus giving rise to the aggregate sentence set forth above.
[2] See: Answer of the Commonwealth at p.67.

1

Petitioner filed a timely post-conviction petition on April 20, 2010 which was dismissed on September 20, 2010.[3] Rather than filing an appeal, the petitioner filed a second post-conviction petition on October 7, 2010 and that petition was dismissed on December 28, 2010.[4] No further relief was sought in the courts of the Commonwealth.

The background to this prosecution is set forth in the December 30, 2009 Memorandum of the Superior Court:

> On July 26, 2006, Benjamin Dowler ("Dowler") returned to his house, which he shared with four other people, at 422 Bailey Avenue in the Mt. Washington area of Pittsburgh, Pennsylvania. After placing his wallet, watch and keys onto the kitchen counter, Dowler went to his roommate's room to borrow his computer. Dowler later returned the computer by placing it outside his roommate's door. Sometime after midnight, Dowler heard someone quickly run down the stairs and leave through the front door. Dowler then checked the front door, noticed it was ajar and closed it.
>
> The following morning, Dowler's roommate's computer was found to be missing. Dowler realized that his wallet, keys, cell phone and his car, a 2001 black Pontiac Sunfire, were also missing. Dowler informed the police about the missing items. Detective Brian Rodgers of the Pittsburgh Police received the case for further investigation. Detective Rodger's went to Cromlish's home on another matter and observed that Cromlish was driving a black Pontiac Sunfire [later determined to belong to Dowler]. Upon seeing Detective Rodgers, Cromlish stopped the vehicle. Detective Rodgers informed Cromlish that he was under arrest. At this point, Cromlish drove away from Detective Rodgers at a high rate of speed, eventually hitting a retaining wall. The impact caused the vehicle's left front tire to blow out. Cromlish fled the scene on foot. During his flight, Cromlish ran across the porch of Ruth Tracy ("Tracy") and eventually entered her home. After Cromlish left the home, the police arrested him. Following the arrest, Tracy and Detective Rodgers examined her property and determined that items had been removed from Tracy's basement.
>
> The Commonwealth charged Cromlish with criminal trespass – breaking into a building at CC 200611802, with escape, receiving stolen property and fleeing or attempting to elude a police officer at CC 200612185, and with one count of burglary and two counts of theft by unlawful taking at CC 200613398.[5]

The instant petition was executed on December 9, 2010, and in it Cromlish contends he is entitled to relief on the following grounds:

---

[3] See: Answer at p.32.
[4] See: Answer at p.33.
[5] See: Answer at pp.136-137.

1. During his testimony, Detective Rodgers made reference to a previous unrelated arrest of the petitioner which had been determined to be inadmissible. As a result, the trial court erred in not granting a mistrial and counsel was ineffective for failing to preserve this issue for appeal.

2. The police stop of the stolen vehicle the petitioner was operating on July 28, 2006 was made without probable cause in violation of the IV Amendment.

3. The trial court's jury instructions on escape were erroneous and the joining of the separate charges prevented the jury from giving each change independent consideration.

4. Joinder of the charges by the Commonwealth created confusion for the jury.

5. The Commonwealth failed to demonstrate the petitioner's guilt beyond a reasonable doubt. In its closing argument, the Commonwealth argued facts not supported by the record. Hearsay evidence was permitted to be introduced. Insufficient evidence of the petitioner having entered the target premises.

6. The petitioner's decision not to testify in his own defense was coerced, since counsel failed to inform him that as a result of that decision no defense would be presented.[6]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[6] We have attempted to distill the grounds which the petitioner seeks to raise here from the supplemental attachments to his petition.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or

> unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, the only issues which Cromlish raised in the appellate courts of the Commonwealth concerns the testimony of Detective Rodgers of prior wrongdoings after such evidence had been excluded by the court, and the erroneous sentence imposed. Since this latter issue was resolved in the petitioner's favor on appeal and corrected by the trial court, it is a moot issue here. The remainder of the issues which Cromlish seeks to raise here have never been raised in the appellate courts of the Commonwealth. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, and Cromlish is now barred from returning to those courts, the petitioner has defaulted the available state court remedies on these issues and no further consideration of these issues is warranted here.[7]

For this reason, we address only the petitioner's first issue, namely that the trial testimony of Detective Rodgers improperly introduced evidence of another crime despite previously having been excluded by the trial court. In presenting this argument to the Superior Court, the petitioner did so as a matter of state law exclusively.[8] As such, the state courts were not put on notice that a federal claim was being raised, and for this reason, the claim is not properly presented here. Baldwin v. Reise, 541 U.S. 27 (2004); Greene v. Palakovich, 606 F.3d 85, 92 (3d Cir.2010).

However, even if the matter was properly before this Court, at trial defense counsel objected to Detective Rodgers' testimony that he was familiar with the petitioner from a previous contact and moved for a mistrial (TT.33). The court concluded that she had not previously admonished Rodgers about this testimony and "he didn't refer to any prior bad act. I expect when you establish that you know someone, you don't have to say how" (sic.) (TT.33). As a

---
[7] See: Pa.R.App.P 903(a) [thirty days to take an appeal] and 42 Pa.C.S.A. § 9545(b)(1) [post-conviction petition to be filed within one year of the date on which the conviction becomes final].
[8] See: Answer at pp.72-80.

5

general proposition, alleged evidentiary errors, if indeed this was one, do not provide a basis for federal habeas relief. Jimenez v. Walker, 458 F.3d 130, 147 (2nd Cir.2006) cert. denied 549 U.S. 1133 (2007).

In the instant case, the inquiry of Detective Rodgers arose in the context of his testimony regarding his investigation of the offenses after he had developed the petitioner as a suspect and sought to question him whereupon the petitioner fled. Rodgers was then asked how he knew the petition and replied "I knew Mr. Cromlish from prior deals." (TT.28-32). Thus, Rodgers' testimony merely set forth how he was familiar with the petitioner and did not introduce Cromlish's prior record although the implication clearly was that the familiarity arose out of prior contacts. Thus, as the trial court observed, the testimony merely explained that the petitioner was known to the officer. For this reason, even if the issue of the identification of the petitioner was properly before this Court, which it is not, it would not provide a basis for relief.

Accordingly because the petitioner has defaulted on the available state court remedies, or failed to raise any issues in a federal context in the state court proceedings, and even if he had done so the one issue which was raised in the state appellate court does not involve a contrary or unreasonable application of federal law as set forth by the United States Supreme Court, the petition here is subject to dismissal.

An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of March, 2011, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the petition of Frederick Cromlish for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge